## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1. **BEVERLY TRAYLOR,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | **CIV-13-**1162-HE |
| | ) | |
| 1. **WAL-MART ASSOCIATES, INC.,** | ) | |
| **a/k/a WAL-MART STORES, INC.,** | ) | |
| | ) | **ATTORNEY LIEN CLAIMED** |
| **Defendant.** | ) | **JURY TRIAL DEMANDED** |

## COMPLAINT

**COMES NOW** the Plaintiff, Beverly Traylor, and for her Complaint in the above-entitled action, alleges and states as follows:

## PARTIES

1.      Plaintiff Beverly Traylor is an adult female resident of Oklahoma County, Oklahoma.

2.      Defendant Wal-Mart Associates, Inc., a/k/a Wal-Mart Stores, Inc. is an entity doing business in Oklahoma County, Oklahoma.

## JURISDICTION AND VENUE

3.      This is a cause of action arising out of Plaintiff's former employment with Defendant and is based on claims of (a) age discrimination in violation of the ADEA; (b) FMLA retaliation; (c) workers' compensation retaliation; and (d) whistleblowing in violation of Oklahoma state law.

4.      This Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C.

1

§1331. This Court has supplemental jurisdiction over Plaintiff's corresponding state law claims as they arise out of the same core of operative facts as the federal claims, and jurisdiction over them is vested in this Court under 28 U.S.C. § 1367(a).

5.      All of the actions complained of herein occurred in Oklahoma County, Oklahoma.  Defendant does business in such county and may be served in said county. Oklahoma County is located in the Western District of Oklahoma.  Wherefore, venue is proper in this Court under 28 U.S.C. § 1391(b).

6.      Plaintiff has exhausted her administrative remedies by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about June 5, 2013. Plaintiff received her Dismissal and Notice of Rights letter from the EEOC dated August 13, 2013 (received by Plaintiff by mail thereafter), and has timely filed this action within ninety (90) days of receipt of the notice of right to sue.

## STATEMENT OF FACTS

7.      Plaintiff, Beverley Traylor, is an adult female who was born in January 1957, making her over the age of forty (40) at all times relevant to this action.

8.      When Plaintiff filled out her application to work for Defendant in 2006, she left blank the question about prior felonies.  When she met with the Assistant Manager (Anthony Harrison), she informed him that she had a felony on her record from 1987.  She explained in detail the circumstances surrounding the felony issue.  And, Harrison told her that it was so long ago, it did not matter.  Plaintiff was then offered a position with Defendant

and signed an authorization for a criminal background check to be completed by Defendant.

9.     Plaintiff began her employment with Defendant on or about June 16, 2006 in the position of Overnight In-stock Associate at a Wal-Mart Super Center located in Midwest City, Oklahoma.  Throughout Plaintiff's employment (until her wrongful termination), she was consistently recognized as a satisfactory or better employee.

10.     In or around 2007, Plaintiff injured her lower back at work and was placed on lifting, *inter alia*, restrictions by her doctor.  Plaintiff filed a worker's compensation case against Defendant, which was later resolved.

11.     Plaintiff continued to work in her In-stock position until in or around 2009, when she re-injured her back due to Defendant ignoring her permanent restrictions.  She filed a second worker's compensation case based on that injury which was later adjudicated in Plaintiff's favor in the Worker's Compensation Court.

12.     Plaintiff was then moved to a position as a phone operator in the clothing department in or around 2010 in order to accommodate her restrictions.

13.     Beginning in or around August 2011, Plaintiff used intermittent FMLA leave due to the pain associated with her back injury and issues with her medications.  Plaintiff updated her FMLA paperwork as directed by Defendant and remained on intermittent FMLA up to the end of her employment.

14.     On or about May 16, 2012, Plaintiff injured her lower left leg, right leg, and re-injured her lower back when a damaged piece of equipment in Defendant's store fell apart

3

as Plaintiff was hanging clothes on it.  One of Plaintiff's managers witnessed the event and

told Plaintiff that she should seek medical treatment for the incident.  When Plaintiff did, she

discovered that she had a tissue injury to her left leg, that her right leg would be bruised and

swollen for several weeks, and that her previous back injury had been aggravated.  Plaintiff

filed a Worker's Compensation claim based on this injury.

15.    On or about February 14, 2013, Plaintiff testified in a deposition in her

Worker's Compensation proceeding.

16.    Plaintiff had been complaining about the working conditions in the women's

fitting room since on or about May 16, 2012 when she was injured.  In fact, on or about

March 15, 2013, Plaintiff sent photos of the unsafe working conditions to Donna Lemons,

the Market Manager for Plaintiff's market in early March 2013.  Plaintiff is aware of other

managers taking photos of the conditions as well.

17.    Plaintiff received no response from Lemons.

18.    On or about March 29, 2013, Plaintiff was notified of her termination by

Jennifer Kellison (Human Resources from another store in Edmond, Oklahoma) and John

Higgs (Asset Protection from another store).  She was also noted as not eligible for re-hire.

The reason given for Plaintiff's termination was that she had allegedly falsified a document.

When pressed for more information, Kellison and Higgs informed her that document in

question was allegedly her employment application seven (7) years prior, claiming she had

marked the wrong box regarding a felony.

19.     Plaintiff stated that she had disclosed that she had a felony in her hiring process and that Respondent had performed a background check on Plaintiff upon her hire.

20.     Defendant's proffered reason for termination was pretext.  First, Plaintiff did not falsify her application as she did not mark anything on her employment application regarding the felony question. In fact, she informed Harrison prior to being hired of her prior felony, giving him full details of the event.   Second, she had sought employment with Defendant in 2006 because she was told it was a "felon-friendly" workplace.  In fact, many of the employees at Plaintiff's store had prior felony convictions and this (including Plaintiff's situation) was common knowledge among management and non-management personnel and had never been an issue.  Third, Plaintiff authorized Defendant to conduct a criminal background check on her at the time of hire.

21.     When Plaintiff applied for unemployment benefits, Defendant contested the same.  However, after conducting a hearing on the matter, the hearing officer awarded Plaintiff her benefits, finding that Plaintiff had informed the hiring manager of her felony from the 1980s. "The employer's decision to hire the claimant, having full knowledge at the time of the felony, prevents a finding of misconduct on the part of the claimant. *** [T]he claimant's forthrightness at the time of hire put the onus on the employer to determine the claimant's future employment.  It is unfair for the employer to later discharge the claimant based upon its dissatisfaction with its decision made in 2006."

22.     Prior to Plaintiff's termination, she noticed a pattern of Defendant hiring

younger individuals and forcing out older employees.  The younger employees are given more favorable treatment through the review process and have better opportunities for promotion.

23.     Following Plaintiff's termination, she was replaced by a significantly younger individual, who is approximately twenty-one (21) years old.

24.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered the injuries described hereafter.

## COUNT I - ADEA

For her first cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows.

25.     The matters alleged above constitute violations of the ADEA in the form of age discrimination.

26.     Plaintiff is entitled to relief under the ADEA because, at all times relevant to this action, she was over the age of forty (40), was satisfactorily performing her job, was terminated, and she was replaced by a significantly younger individual.

27.     As damages, Plaintiff has suffered lost earnings, past and future, and other equitable and compensatory damages allowed by the Civil Rights Act of 1991.  Plaintiff is also entitled to liquidated damages based upon Defendant's willful conduct.

## COUNT II - FMLA Retaliation

For her second cause of action, Plaintiff incorporates all prior allegations and further

6

10

alleges and states as follows.

28.     The matters alleged above constitute retaliation for Plaintiff's use of medical leave in violation of the Family and Medical Leave Act ("FMLA").

29.     Plaintiff was entitled to medical leave because she worked for Defendant, an entity with more than 50 employees within a 75 mile radius of Plaintiff's work site, for more than one (1) year and for more than 1250 hours within the one year prior to her need for leave.  Defendant retaliated against Plaintiff for her use of FMLA-qualifying medical leave. Defendant's actions were taken in response to Plaintiff's attempt to exercise her rights under the FMLA.

30.     As the direct and proximate result of Defendant's willful conduct, Plaintiff has suffered injuries and is entitled to recovery of all damages or other relief allowed by the FMLA, including but not limited to, lost wages (past and future), liquidated damages, and attorney's fees and costs.

## COUNT III:  WORKERS' COMPENSATION RETALIATION

For her third cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

31.     Defendant's actions, as described above, constitute retaliation in violation of the Oklahoma Workers' Compensation Code, 85 O.S. §341, formerly known as 85 O.S. §§5-7.

32.     Plaintiff sustained a job-related injury for which she could assert a claim for

benefits under the Oklahoma Workers' Compensation Code.

33.     Defendant had knowledge of Plaintiff's work-related injury.  Defendant terminated Plaintiff's employment shortly after she put them on notice of her injury and shortly after her deposition testimony in the Worker's Compensation proceeding.

34.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered lost income, past and future, emotional distress and other non-pecuniary losses.

35.     Defendant's actions were willful, wanton and/or conducted in a reckless disregard of Plaintiff's rights, thereby entitling Plaintiff to punitive damages.

### .COUNT IV - Whistleblowing

For her fourth cause of action, Plaintiff incorporates all prior allegations and further allege and state as follows:

36.     The acts above-described also constitute a violation of Oklahoma's public policy which prohibits wrongful termination and retaliation against a whistle-blower for reporting unsafe working conditions, i.e., performing an act consistent with a clear and compelling public policy, performing an important public obligation; exercising a legal right or interest; exposing some wrongdoing by the employer; and performing an act that public policy would encourage.

37.     As damages, Plaintiff have suffered lost earnings, past and future, and other compensatory damages.

38.     Because the actions of the Defendant were willful, wanton or, at the least, in

reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages.

## REQUEST FOR RELIEF

**WHEREFORE,** Plaintiff prays that this Court enter judgment in favor of the Plaintiff and against the Defendant and assess actual, compensatory, punitive damages, and liquidated damages, together with pre- and post-judgment interest, costs, attorney's fees and such other relief as this Court may deem equitable and appropriate.

**RESPECTFULLY SUBMITTED THIS 30th DAY OF OCTOBER, 2013.**

s/Jana B. Leonard
JANA B. LEONARD, OBA# 17844
LEONARD & ASSOCIATES, P.L.L.C.
8265 S. WALKER
OKLAHOMA CITY, OK 73139
(405) 239-3800      (telephone)
(405) 239-3801      (facsimile)
leonardjb@leonardlaw.net

JURY TRIAL DEMANDED
ATTORNEY LIEN CLAIMED

9